Commodore Waddell *v.* Commonwealth.

**Criminal Law—Reversal—Overruling Demurrer.**
Under § 349, Criminal Code, the Court of Appeals has no power to reverse a judgment for a misdemeanor because of error in overruling a demurrer to the indictment.

**Arrest—Statutory and Common Law Remedies.**
Art. 18, ch. 28, Revised Statutes, relating to arrest and trial of persons guilty of riot, rout, fraud, etc., is merely cumulative of the common law remedy and does not abrogate the common law on the subject.

APPEAL FROM BUTLER CIRCUIT COURT.

June 5, 1874.

Opinion by Judge Peters:

This court has no power to reverse a judgment in a case for a misdemeanor because of an error in the court below for overruling a demurrer to an indictment, nor for refusing a new trial. Sec. 349, Crim. Code.

The facts stated in the indictment seem to constitute an assault, and therefore a public offense within the jurisdiction of the court; and hence there were no grounds to arrest the judgment. Sec. 271, Crim. Code.

Art. 18, Chap. 28, Revised Stat., authorizes a judge of a circuit or county court, police judge, justice of the peace, sheriff, marshal, or constable to arrest persons guilty of riot, rout, unlawful assembly, affray, or breach of the peace, and to cause them to be tried as therein prescribed; and upon hearing of the evidence by the jury, if they believe the defendant, or any one or more of them, guilty,

they may assess the fine against them severally, in any sum not exceeding $30.00, or imprisonment not exceeding fifteen days, or both fine and imprisonment, at the discretion of the jury. But the sixth and last section expressly provides, that nothing in said article shall be construed to repeal the common law in relation to riots, routs, unlawful assemblies, or breaches of the peace, which offenses may be punished as and by the common law as heretofore.

Obviously, that enactment is only cumulative, providing additional modes of proceeding for the punishment of the offenses enumerated to those provided by, but in no wise abrogating, the common law on the subject. Whether or not the instructions asked for by the appellant were improperly refused, we can not inquire into, because there is no bill of exceptions incorporating them and making them a part of the record certified by the judge who presided at the trial.

The judgment must therefore be affirmed.

*Scott, Guffy, for appellant.*

*Attorney-General, for appellee*